## Towe v. City of Scottsville.

(Decided June 25, 1937.)

ARTHUR W. GRAFTON for appellant.
DOUGLAS KEEN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This proceeding was commenced for the purpose of securing judicial approval of an issue of $35,000 of 4 per cent. funding bonds, under sections 186c-6 and 186c-7 of the Kentucky Statutes, by the City of Scottsville. The debts sought to be funded have arisen over a period of years beginning in 1925 and continuing to the present time. The greater portion of the obligations is represented by outstanding warrants resulting from failures in the revenues and failures to levy taxes at a sufficient rate to meet various expenses.

The proof indicates that the limit of indebtedness permissible under section 158 of the Constitution has been exceeded and that $30,000 is the greatest amount of bonds that can lawfully be issued. Of course, every dollar of this sum must be used in retiring valid debts or the limitation will be even lower. The chancellor approved the issue of bonds to the extent of $30,000, but declined to rule on the validity or invalidity of some of the items of indebtedness in the absence of the persons to whom they were claimed to be due. This was proper under the circumstances. A very different situation may be presented when it comes to ascertaining which of the obligations are to be paid from the proceeds of the bonds, and each creditor is entitled to his day in court if his debt is questioned.

Some of the debts were eliminated by the chancellor because of the failure to prove that they were within the limits fixed by section 157 of the Constitution, and it is conceded here that there has been a failure to establish the validity of one or two others. The elimination of these items, however, merely goes to reduce the total and to render valid other debts which might otherwise be void under section 158. Since the creditors are not parties to this suit, it would, of course, be improper to seek now to adjudicate those questions. The fact remains, however, that there is a valid outstand

ing indebtedness up to the limit prescribed by the Constitution.

Judgment affirmed. Whole court sitting.